UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON UNIVERSITY in ST. LOUIS,<br><br>　　　　　Defendant. | Case No.: 21-CV-205 |

## COMPLAINT AT LAW

Plaintiff, John Doe, by and through his undersigned attorneys, files this Complaint against Defendant, Washington University in St. Louis ("University"), and in support thereof, alleges as follows:

1.　　This is an action for declaratory relief and monetary damages arising out of Defendant's wrongful refusal to honor its contract with Plaintiff for a degree upon his payment of the required tuition dues, and successful completion of the requirements for an undergraduate degree.

2.　　Despite otherwise meeting the University's criteria for graduation, Defendant has ignored requests to issue Plaintiff his college diploma, thereby preventing him from attending a top American law school where he was accepted.

### THE PARTIES

1

3. Plaintiff, John Doe, is, and always has been a citizen of Cook County, Illinois.  During some of the events described herein, Plaintiff was enrolled as a full time, tuition-paying, undergraduate student at Washington University.

4. Defendant Washington University is a private university primarily located in Missouri, with a principal address of One Brookings Dr., St. Louis, Missouri, 63130.

## JURISDICTION AND VENUE

5. The parties to this action are citizens of different states.

6. The amount in controversy exceeds $75,000.  Defendant previously removed a related case filed in the Circuit Court of Cook County, Illinois to the District Court of the Northern District of Illinois by alleging this case's value exceeds $75,000.

7. Based on the diversity of citizenship and the amount in controversy, pursuant to 28 U.S. Code § 1332, this Honorable Court has original jurisdiction over this matter.

8. Venue is proper in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred in St. Louis, Missouri, and Defendant's main campus is in St. Louis, Missouri.

## FACTS COMMON ALL COUNTS

9. In exchange for tuition payments and Plaintiff's agreement to complete the required courses, in return, Defendant promised Plaintiff the right to a degree/diploma.

10. Plaintiff promised to pay the required tuition and agreed to Defendant's terms, as recited on Defendant's website under the title Undergraduate Degree Requirements, which states as follows

> [T]o graduate from Washington University with a degree from the College of Arts and Sciences, you must complete a total of 120 units, at least 90 of which must be in Arts & Sciences coursework and 30 of which must be at the 300/400/500 level[1].

11. After completing three years of full-time coursework, Plaintiff was on track to graduate in the Spring of 2018 with a double major in English and Economics, plus a minor in Writing. Defendant's current requirements for English and Economics majors and minors are substantially identical to those agreed to by Plaintiff in May 2014[2].

12. Prior to enrolling in courses for the Fall 2017 semester, Plaintiff met with his Washington University guidance counselor who promised his proposed schedule for Senior year would enable him to graduate with a degree if he passed all the courses he planned on enrolling in over his final two semesters.

13. After successfully passing his final exams for his Spring 2018 courses, Plaintiff had obtained 126 cumulative units of credit from Defendant, at least 90 of which were in Arts & Sciences and 30 of which were at the 300/400/500 level. Over his four years of undergraduate studies at Defendant, Plaintiff maintained a cumulative GPA of 3.82, and satisfied all the requirements for a degree contained in Exhibits A, B, and C.

14. Plaintiff's GPA, high LSAT score, and his recommendation from Washington University enabled Plaintiff to get accepted in Northwestern's law school where he planned to begin law school in the Fall of 2018, pending receipt of his degree.

15. Despite numerous requests for his official transcripts required by Plaintiff to enroll at Northwestern's law school, Defendant refused to provide Plaintiff with his Spring 2018 grades and official transcripts until late January 2020.

---

[1] See **EXHIBIT A** –Undergraduate Degree Requirements – Washington University website, https://artsci.wustl.edu/resources/undergraduate-degree-requirements.
[2] *See* **EXHIBIT B** – Economics Major & Minor Requirements, and **EXHIBIT C** – English Major Requirements.

3

16. When Defendant finally provided Plaintiff with his transcripts, there was no notation of his degree.

17. Despite completing the required credits, obtaining his official transcripts, and sending Defendant the required $50 fee, on or around June 4, 2020, Defendant informed Plaintiff that Defendant would not be mailing Plaintiff a diploma.

18. As of the date of the filing of this Complaint, Defendant has failed to provide Plaintiff with his undergraduate degree, which prevented him from attending Northwestern law school, and prevents him from obtaining a job that requires a degree.

## COUNT 1 – BREACH OF CONTRACT

19. Plaintiff restates and re-alleges the allegations contained both above and below as if fully incorporated and alleged herein.

20. At all relevant times, and pleading in the alternative to promissory estoppel, an express or implied contractual relationship existed between Defendant and Plaintiff through his matriculation as a student at Washington University, whereby Plaintiff was required to pay his tuition, fees and other charges in exchange for the rights to attend college courses and obtain an undergraduate degree from Defendant upon completion of the 120 units necessary to obtain a diploma.

21. Throughout his four years at Washington University, Defendant never required Plaintiff to agree to any modifications or alterations of the unambiguous contract which provided Plaintiff an unconditional right to a degree on his transcript and a diploma upon completion of 120 units and payment of the required fees.

22. Defendant drafted its Undergraduate Degree Requirements and failed to include any terms that allow it to withhold a student's degree and diploma if all academic requirements were met and all required tuition payments were made.

23. In the alternative of pleading an express contract, an implied contract was formed when Defendant accepted Plaintiff for enrollment and Plaintiff paid the required tuition. The relevant terms of the contract are contained in **EXHIBIT A**.

24. Every semester between Fall 2014 and Spring 2018, the parties agreed that if Plaintiff completed the required courses, Defendant must allow him to graduate and must award him a degree. These promises were material to Plaintiff's decision to continue his enrollment at Defendant for eight semesters.

25. Plaintiff fully performed all his duties required in the contract with Defendant to obtain his degree/diploma, but Defendant is denying Plaintiff's benefit of the bargain, the right to his degree from Washington University.

26. Apart from breaching its express contractual obligations, Washington University breached and violated the covenant of good faith and fair dealing implied in its contract with Plaintiff by acting arbitrarily, capriciously, and in bad faith by depriving him of the benefit of his four years of hard work during which he compiled 126 units and satisfied Defendant's IQ curriculum.

27. As a direct, proximate, and foreseeable consequence of Defendant's material breaches, Plaintiff lost his acceptance to one of the most prestigious law schools in the country, and his career prospects and earning potential have suffered irreparable harm since he cannot get a job that requires a college degree.

5

28. As a result of Defendant's wrongful breach of contract, Plaintiff has sustained significant foreseeable damages, including but not limited to, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and professional opportunities, loss of future career prospects, significant legal fees, and other direct and consequential damages.

29. As a result of the foregoing, Plaintiff is entitled to his degree and diploma, and as a result of defendant's willful breach of contract, Plaintiff requests this Court order Defendant to provide Plaintiff with a degree, award him his foreseeable monetary damages caused by Defendant's delay in giving him a degree, award punitive damages if warranted, and award of any recoverable fees and costs allowed by the applicable laws.

## COUNT 2 – PROMISSORY ESTOPPEL

30. Plaintiff restates and re-alleges the allegations contained both above and below as if fully incorporated and alleged herein.

31. In the event this Court finds the promises and representations Defendant made to Plaintiff regarding his right to obtain a degree upon completion of 120 units is not a legally valid and enforceable contract, Plaintiff pleads in the alternative, a claim for equitable promissory estoppel.

32. Defendant made unambiguous promises to Plaintiff, both before and during his college career at Washington University, that by enrolling as a student, paying the required tuition and fees, and completing the required coursework, Defendant would put a notation of his degree on his transcripts and would mail Plaintiff his diploma.

6

33. Defendant's website promised to mail Plaintiff a diploma if his transcripts proved he satisfied all the academic requirements for a degree and he paid a $50 fee.

34. Plaintiff relied on such promises when he decided to enroll, and continued to enroll for eight semesters, at Washington University.

35. Plaintiff's reliance was expected and foreseeable by Defendant, especially since Defendant knew Plaintiff was attempting to get into law school[3].

36. Plaintiff has relied on Defendant's promise to his detriment as Defendant kept all the tuition money collected from Plaintiff, then breached its promise and wrongfully withheld his degree, thereby preventing Plaintiff from attending law school and/or from obtaining a job that requires a college degree.

37. As a result of the foregoing, Plaintiff is entitled to have this Court enforce Defendant's promise and he respectfully requests this Court order Defendant to put a notation of his degree on his transcripts and order Defendant to mail Plaintiff his diploma.

## COUNT 3 – UNJUST ENRICHMENT

38. Plaintiff restates and re-alleges the allegations contained both above and below as if fully incorporated and alleged herein.

39. Plaintiff paid his tuition, enrolled in the required courses, and successfully completed the courses Defendant agreed would satisfy the requirements for a degree.

40. Defendant accepted Plaintiff's tuition payments for four years, allowed him to complete the required credits for a degree, advertised "[T]here are no boundaries

---

[3] In the Fall of 2017, Defendant wrote Plaintiff a letter of recommendation that he required to be considered for admission to Northwestern School of Law.

to what you can achieve with a degree from Arts & Sciences," then wrongfully withheld his degree and refused to refund his tuition payments after deciding not to give Plaintiff his degree and diploma.

41. Defendant promised Plaintiff a degree once he paid for, and successfully completed, the required course credits.

42. Defendant has been unjustly enriched by an amount equal to all the tuition monies collected from Plaintiff between 2014 and January 2019.

43. Fundamental fairness requires Defendant to return all of Plaintiff's tuition for his four years at the University, including any financial aid paid to Defendant by a third party on Plaintiff's behalf, so Plaintiff can afford any additional college courses that he must complete to obtain a college degree from a comparable university[4].

44. As a result of Defendant's unjust enrichment, Plaintiff is entitled to recover monetary damages equal to his four years of tuition payments, plus prejudgment interest, attorneys' fees and costs as may be recoverable at law.

## COUNT 4 - NEGLIGENCE

45. Plaintiff repeats and re-alleges the foregoing allegations which are incorporated by reference as if fully set forth herein.

46. In the alternative to pleading an intentional breach of contract, Defendant's negligent failure to issue a degree to Plaintiff was the proximate cause of some of the damages claimed in this lawsuit.

---

[4] Although Plaintiff has completed the requirements for a degree at Washington University, comparable schools, like Northwestern, would still require Plaintiff to attend Northwestern for an additional four semesters before that school would give him an undergraduate degree.

8

47. By accepting Plaintiff's tuition money, allowing him to complete the required course credits, agreeing to issue Plaintiff a degree, and offering to mail him a diploma, Defendant voluntarily assumed a contractual duty to refrain from negligence when reviewing Plaintiff's transcript to determine if he satisfied the requirements for a degree.

48. Defendant's website offered to mail Plaintiff a diploma if he paid a $50 fee. On or around May 2020, Plaintiff completed an online request for his diploma and sent Defendant the required $50 fee, thereby accepting Defendant's offer to mail him a diploma.

49. Plaintiff's request for a degree was accidentally denied by Defendant's employee(s), who wrongfully believed he did meet the requirements for a diploma, so some of Plaintiff's damages claimed herein were proximately caused by Defendant's negligence in failing to issue a degree to a student that met the academic requirements and sent the $50 diploma fee.

50. Defendant's agents and employees had a duty to refrain from negligent conduct, such as wrongfully denying Plaintiff's request for his degree/diploma, when it was foreseeable that such a conduct would proximately cause personal injuries to Plaintiff.

51. As a direct and proximate cause of Defendant's negligent acts and omissions, Plaintiff sustained physical harm and emotional distress.

52. As a result of Defendant's negligence, Plaintiff has suffered damages including pain and suffering and loss of normal life, he continues to suffer damages from

conditions including post-traumatic stress disorder, and he will continue to suffer damages in the foreseeable future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) Declare that Washington University breached its contract(s) with Plaintiff;

(b) Award Plaintiff compensatory damages in an amount that exceeds the jurisdictional limit, including without limitation, damages to physical well-being, physical harm, emotional and psychological damages, damages to reputation, past and future economic losses, loss of education and professional opportunities, loss of future career prospects, and other direct and consequential damages;

(c) Award prejudgment interest;

(d) Award all recoverable court costs necessarily incurred in prosecuting this lawsuit; and

(e) Award such other further relief as this Court deems fair and just, including any required modifications to the Contract so Plaintiff is not unjustly denied his benefit of the bargain.

Respectfully Submitted By:


 /s/ John G. Covert
JOHN G. COVERT – #6285969IL

LLORENS LAW GROUP, LTD.
Attorneys for Plaintiff
20 N. Clark St., 33rd Floor
Chicago, Illinois 60602
(312) 602-2747
j.covert@llorenslawgroup.com

CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of February, 2021, the foregoing was served via e-mail sent to Defendant's General Counsel and filed electronically to be served by operation of the CM/ECF system upon all counsel of record.

/s/ John G. Covert
John G. Covert